## Cedar Avenue Building & Loan Assn. *v.* McLaughlin, Appellant.

*Fixtures—Removal of trespass—Mortgaged premises.*

Where a stranger goes upon real estate which is bound by the lien of the second mortgage, and without authority from any one, removes bathtub, washstands, water-closets and all the piping and radiators constituting a hot water heating plant, he is liable in damages to the owner of the second mortgage. In such a case the court will apply the rule that when something is attached to real estate other than by its own weight, it is prima facie part of the real estate.

The court will not send the case back for a retrial because the trial judge ruled that the plaintiff was entitled to the cost of restoraation, if it appears that when the plaintiff attempted to show that its security had been lost, and that the signer of the bond accompanying the mortgage was insolvent, he was met with an objection on the part of the defendant and the objection was, in the opinion of the appellate court, improperly sustained.

Argued Oct. 11, 1917. Appeal, No. 189, Oct. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1916, No. 4204, on verdict for plaintiff

74 CEDAR AVE. B. & L. ASSN. *v.* McLAUGHLIN, Appel.

Statement of Facts—Charge of Court below. [69 Pa. Superior Ct.
in case of Cedar Avenue B. & L. Assn. v. George E. Mc-
Laughlin. Before ORLADY, P. J., HENDERSON, HEAD,
KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass against a plumber for removal of certain ar-
ticles alleged to be fixtures on premises upon which the
plaintiff held a second mortgage. Before STAPLES, J.,
specially presiding.

The court charged in part as follows:

This is an action of trespass brought by the Cedar
Avenue Building & Loan Association against George
E. McLaughlin. The suit is based upon the allegations
of the plaintiff to the effect that a certain house in the
City of Philadelphia had upon it two mortgages, and as
we recollect it, that after foreclosure proceedings had
been commenced, the plumber, McLaughlin, as he says,
at the instance of a real estate broker, went to this prop-
erty and took out all the fixtures; that is to say, he took
out a heating plant, the pipes and radiators, a bathtub,
washbowl and closets in each bathroom, and as he said,
removed them to the premises of a man by the name of
Schaeffer, who was a real estate broker.

[As far as you are concerned in this case, we will hold
that the defendant was liable for trespass for whatever
damage he did in this house.] (1)    [He does not con-
tend that he had any authority whatever from the owner
of the premises; that is, the present owner of the prem-
ises, to do this work or the present suitor, and if he did
it otherwise, it was his business to inquire at whose in-
stance this work was being done and why. If it was an
unlawful act, that is to say, if he went there and took
that heating plant and the bathroom fixtures out, he had
no right to do it, because he did not have the authority
and the question to be submitted for you is simply what
damage, if any, was done to this property.] (2)    [It is
not what the property might have been worth before and
what it is worth after, but what would it cost to restore
the property to its former condition. That is, if you find

the cost of restoration would be less than the value of the
property and if you find it would be more, then you
would find what the value of the property was.] (3)

Verdict and judgment for plaintiff for $950. Defend-
ant appealed.

*Errors assigned* were (1-3) above instructions quoting
them.

*Horace Stern,* with him *Serber & Ash,* for appellant.
—The court should have held as matter of law that the
articles removed were not fixtures: National Bank of
Catasauqua v. North, 160 Pa. 309; Venango Lodge v.
Crawford, 18 Dist. Rep. 665.

The trial court could not hold articles removed fixtures
as a matter of law: Nat. Bank of Catasauqua v. North,
160 Pa. 309; Campbell v. O'Neil, 64 Pa. 290; Straight
v. Mahoney, 16 Pa. Superior Ct. 155.

The trial court's ruling as to measure of damages was
improper: Myers v. White, 1 Rawle 353; Wilson v.
Shoenberger's Exer., 31 Pa. 295; Berryhill v. Kirchner,
96 Pa. 489; Lenning's Est., 52 Pa. 135; Presbyterian
Corporation v. Wallace, 3 Rawle 109; Britton's App.,
45 Pa. 172; Hunsicker v. Brendleinger, 34 Pa. C. C. R.
276; Righter v. Hamilton, 10 Pa. C. C. R. 260; Roberts
v. Dauphin Dep. Bank, 19 Pa. 71.

*Robert P. Shick,* for appellee.

OPINION BY TREXLER, J., March 2, 1918:
The plaintiff had a second mortgage of $1,000 upon
certain premises in Philadelphia owned by Randal. The
property was sold at sheriff's sale and passed to the
Italian Coöperative Banking Association as whose prop-
erty it was sold on a levari facias issued on the first
mortgage. Between the issuing of the levari and the
sale the defendant went upon the premises and removed
therefrom the bath tubs, wash stands, water closets and

all the piping and radiators constituting a hot water heating plant. He showed no authority from any one to enter upon the premises or to remove these articles. He was a mere trespasser entering without any right; at least he did not attempt at the trial to show any. The holder of the second mortgage has brought this action to recover his loss by reason of the injury to the property. He has a standing to maintain this action. "The property was mortgaged or pawned to the plaintiff, and an injury to the thing pawned is a wrong done to the pawnee, if thereby he loses his claim to any part of it": Roberts v. The Dauphin Deposit Ban' 19 Pa. 71 (77). Conceding this the defendant replies that the articles taken, form no part of the reality and their taking hurt the defendant nothing. We are not disposed to draw fine distinctions in order to relieve the defendant from paying the damage he has done. The owner of the property against which the levari was issued acquired the property with the heating apparatus in it. It does not appear that any one else claims that the property which is the subject of this suit is personal property. As to the defendant who is a mere stranger it is safe to invoke the old rule that when something is attached to real estate other than by its own weight it is prima facie part of the real estate. Considering the fact that the defendant was a trespasser and that it appears that these fixtures were in the house prior to the time the Italian Coöperative Banking Association obtained title and that they presumably obtained these fixtures as part of the real estate, the court was right in its conclusion that there was no proof in the case that would relieve the defendant from liability.

2. The learned trial judge ruled that the plaintiff was entitled to the cost of restoration. It would seem that the plaintiff should not make a profit out of the transaction, but the trouble with this branch of the case is that when the plaintiff attempted to show that its security had been lost and that Randal who signed the

bond accompanying the mortgage was insolvent he was met with an objection on the part of the defendant and the objection was sustained, we think improperly. We would not send the case back for a retrial upon a branch of the case which would have been fully presented, had the defendant not objected.

The assignments of error are overruled and the judgment is affirmed.